[Civ. No. 22368.   Second Dist., Div. Three.   Apr. 11, 1958.]

STANLEY N. KRAUSE, Appellant, v. MAURICE J. BERTRAND, Respondent.

Neil N. Werb and I. Robert Mednik for Appellant.

Maurice J. Bertrand, in pro. per., for Respondent.

SHINN, P. J.—The complaint in this action contained one count accusing defendant Bertrand of libel and in the second count, slander, for which plaintiff sought damages.

It was alleged that on or about April 5, 1955, at South Gate, California, defendant distributed to union members of Local 216 of United Auto Workers of the Congress of Industrial Organizations a circular concerning the plaintiff reading: "All about his schooling and his experience attending Committeemen's School. I wonder what school he means. Joe Stalin's School at Watts, and the Great Commissar Goonfelte's teachings how to overthrow the U.S. Government? I wonder how much dues he has cheated Stalin out of for the last 7 years?" It was alleged that the publication was false and defamatory and that plaintiff was thereby damaged in his reputation in the sum of $10,000. It was alleged in the second cause of action that at the same time defendant spoke in the hearing of members of said union "the false and scandalous words that plaintiff is a Communist" to plaintiff's damage.

Defendant answered, admitting the publication of the printed circulars and that the same were distributed to members of the union. It was denied that the statements were false or defamatory or that plaintiff had suffered damage. The answer denied the allegations of the second cause of action of the complaint. It was alleged on information and belief and as separate defenses that the statements in the pamphlets and also any defamatory words spoken by defendant were true; at the times of said publications, plaintiff and defendant were engaged in a political campaign for election as commit-

teemen for the union; plaintiff was making inflammatory and derogatory remarks respecting the defendant; the statements in the pamphlet and those allegedly spoken were in retaliation of plaintiff's attack upon defendant; all statements made by defendant were made in good faith without malice and to members of the union to whom they were of interest and importance. It was alleged that the words spoken of plaintiff by defendant were materially different from those alleged in the second cause of action and that they were uttered in response to a request for such information received from an interested person and in response to a request for such information made by an agent of plaintiff for the express purpose of laying the foundation for a claim of slander. In the trial the court received the testimony of the parties and of 10 other witnesses. The reporter's transcript consists of 176 pages.

The court found that the pamphlet was published by defendant; the parties were members of the union and candidates for committeemen; the pamphlet was published during the campaign; it was of common interest to the members of the union; it concerned union matters as they related to plaintiff and "the occasion was not abused"; defendant at all times had reasonable grounds to believe the matter set forth was true; he published and distributed the circular in good faith and without malice and that the publication was qualifiedly privileged. As to the second cause of action it was found that the allegation that plaintiff was accused of being a Communist was not true. The court concluded that the publication by means of the circular was qualifiedly privileged and that plaintiff was not entitled to judgment. Plaintiff appeals.

It is contended on the appeal: (1) The evidence does not sustain the finding that defendant did not utter the slanderous statements as alleged in the second cause of action; (2) The statements in the circular were not privileged; (3) Defendant had no reasonable belief that the statements made concerning plaintiff were true.

█ Upon the first point plaintiff refers us to six widely separated pages of the reporter's transcript in support of his contention that there was evidence that defendant stated that plaintiff was "poison and a subversive." We are referred to no evidence that defendant accused plaintiff of being a Communist. Plaintiff has not seen fit to quote any of the evidence. We have considered the testimony to which plaintiff's references relate and find that it supports the statement of the trial

court that "the witnesses produced by the plaintiff weren't really very satisfactory. Their testimony wasn't satisfactory. Several of them I discounted pretty much entirely." Plaintiff had the burden of convincing the trial court that the slanderous words were spoken as alleged. He did not establish the allegations of his complaint as a matter of law and, of course, it is not our function to judge of the credibility of the witnesses or the weight of their testimony. The finding as to the second cause of action was justified by the failure of plaintiff's proof.

The evidence amply supports the findings that all statements of defendant were published and uttered in good faith, without malice, in the belief that they were true based upon reasonable grounds for believing them to be true. Admittedly, all statements were made within the ranks of the labor union in the course of a campaign for election. They related to matters of common interest to members, namely, the supposed qualifications or lack of qualifications of a member to serve on a committee of the union. They were privileged communications made "without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent." (Civ. Code, § 47.)

Statements made without malice, wholly within the ranks of a labor union, during a dispute between contending factions over union policies and administration, and pertinent thereto, should be regarded as privileged. (*DeMott* v. *Amalgamated Meat Cutters*, 157 Cal.App.2d 13, 27 [320 P.2d 50]; *Emde* v. *San Joaquin County etc. Council*, 23 Cal.2d 146 [143 P.2d 20, 150 A.L.R. 916]; *Campbell* v. *Jewish Committee for Personal Service*, 125 Cal.App.2d 771 [271 P.2d 185]; see also Hall, *Proof in Libel Actions in California*, So.Cal.L.Rev. vol. 24, No. 4, pp. 350, 373, 374.) There could scarcely be more appropriate occasions for the exercise of the right of uninhibited free speech.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.