ANTHONY J. MATERIA *vs.* HAROLD K. HUFF & others.

Bristol.   December 5, 1984. — March 25, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Libel and Slander.   Evidence,* Offer of proof.

In the context of a libel action arising from statements made in connection
    with a contested union election, the secretary-treasurer of a union local
    was a limited public figure as a matter of law, and thus it was error for
    the judge to submit that issue to the jury for their determination. [330-332]
In a libel action, a defendant's offer of proof was insufficient to show that
    certain proffered testimony concerning a Federal investigation of a union
    local was relevant to his state of mind at the time he made the allegedly
    defamatory statements. [332-333]

CIVIL ACTION commenced in the Superior Court Department
on September 8, 1978.

The case was tried before *George P. Ponte,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Nina S. White* for the plaintiff.

*L. Barry Tinkoff,* for Harold K. Huff, submitted a brief.

ABRAMS, J. The defendant Huff appeals from a judgment
in a libel action holding himself and three other union members
jointly and severally liable for $15,000.[1] The main issue raised
by the appeal is Huff's claim of error in the judge's instructions
to the jury on the plaintiff's status as a public figure. Because
the judge did not instruct the jurors that, as a matter of law,
the plaintiff was a limited public figure, we reverse and remand
for a new trial.

We summarize the evidence. The plaintiff was secretary-
treasurer of Local 526 of the International Brotherhood of

---

[1] The other three defendants, Dennis Medeiros, Dennis Mello, and Alfred
Pereira, represented themselves at trial and did not appeal the judgment.

Teamsters, Chauffeurs, Warehousemen, and Helpers in Fall River from 1962 to 1977 and a trustee of the union's health and welfare fund. While under the plaintiff's direction, the health and welfare fund established a realty trust and purchased a building. Part of the building was rented without a lease to Alfredo's Restaurant (Alfredo's), which was owned by a corporation in which the plaintiff's children had majority ownership. The union's realty trust paid for substantial improvements made to the space occupied by the restaurant. The plaintiff signed a note for purchases related to the restaurant. The financing statement for this note, filed with the Fall River city clerk, listed the debtor's name as "Materia, Anthony [plaintiff] D/B/A [doing business as] Alfredo's Restaurant." After operating for a few months, the corporation which had owned Alfredo's sold the restaurant to one Rebello and one Crossley, who renamed it "The Silver Gull." The new owners assumed notes payable to the plaintiff and his daughter.

The union established the Anthony J. Materia Scholarship Fund in 1974, of which the plaintiff's son was the custodian. It was decided that $10,000 would have to accumulate in the scholarship fund account before any scholarships were awarded. As of 1977, no money for scholarships nor for any other purpose had ever been withdrawn from the account. In 1976 and 1977, the plaintiff made an oral report of the amount of monies in the scholarship fund, but no written report was ever issued.

In 1977, the defendant Huff defeated the plaintiff, the incumbent, for the position of secretary-treasurer of the union. A few days before the election, the defendants, running as a slate, circulated among the 1,400 members of the union a letter which included, among other allegations, a statement that the plaintiff owned the restaurant in the union building and used union funds for the restaurant in a manner which constituted "a conflict of interest, misappropriation of union funds and gross misconduct in office." The letter stated that the only ones profiting from the scholarship fund were the administrators (of whom the plaintiff was one).

In September, 1978, the plaintiff filed a complaint against the defendants, alleging that the 1977 letter libeled him and asking for a judgment of $750,000. The jury found for the plaintiff in the amount of $15,000. The defendant Huff appealed, and we transferred the case to this court on our own motion.

1. *The instructions.*[2] The issue raised by the challenge to the instructions is whether the status of the plaintiff as a public figure should have been decided by the judge as a matter of law or by the jurors as an issue of fact. See *Gertz* v. *Robert Welch, Inc.,* 418 U.S. 323, 345, 351 (1974); *Curtis Publishing Co.* v. *Butts,* 388 U.S. 130, 155 (1967); *New York Times Co.* v. *Sullivan,* 376 U.S. 254 (1964); *Lyons* v. *New Mass Media, Inc.,* 390 Mass. 51, 55 (1983); *Stone* v. *Essex County Newspapers, Inc.,* 367 Mass. 849, 862 (1975).

The parties never have disagreed on the facts essential to the determination whether the plaintiff was a public figure. He had been secretary-treasurer of Local 526 for fifteen years and was seeking another term in office when the alleged defamation occurred. The letter in dispute, signed by the defendants, the opposing slate in the election campaign, attacked the plaintiff's past performance as a union official.

"We have previously stated that in a case tried to a jury, the question whether a plaintiff is a public figure 'is a question for the jury to answer after instructions by the judge on the applicable law and on what facts must be found to constitute the plaintiff . . . a public figure,' unless 'the facts bearing thereon are *uncontested* or *agreed* by the parties'" (emphasis supplied). *Lyons* v. *New Mass Media, Inc., supra* at 55, quoting *Stone* v. *Essex County Newspapers, Inc., supra* at 862-863. Because the facts concerning the plaintiff's status were not in dispute, it was the judge's duty "to determine whether the proofs

---

[2] The challenged portion of the instructions reads as follows: "The mere fact that Materia as an individual was involved in an election for a position in the local union does not, in and of itself, relegate him to the category of a public figure. A public figure is defined as one who thrusts himself to the forefront of a particular public controversy in order to influence the resolution of the issues involved. And, as I've said before, that is a question of fact for your determination under all of the circumstances."

show respondent to be a 'public official,'" *Rosenblatt* v. *Baer,* 383 U.S. 75, 88 (1966), or a public figure. See *Wolston* v. *Reader's Digest Ass'n,* 443 U.S. 157, 165-169 (1979); *Hutchinson* v. *Proxmire,* 443 U.S. 111, 134-136 (1979); *Harris* v. *Tomczak,* 94 F.R.D. 687, 691 (E.D. Cal. 1982). The issue is whether the plaintiff was a limited public figure as a matter of law. We look "to the nature and extent of [the plaintiff's] participation in the particular controversy giving rise to the defamation." *Gertz* v. *Robert Welch, Inc.,* supra at 352. Because the defendants circulated the letter in question only among members of Local 526 and their families, the plaintiff's status as a public figure is determined in relation to those members, rather than to the community at large. When "an individual voluntarily injects himself or is drawn into a particular public controversy [, he] thereby becomes a public figure for a limited range of issues." *Id.* at 351. See *Lyons* v. *New Mass Media, Inc.,* supra at 55.

The plaintiff voluntarily thrust himself into the controversy by campaigning for reelection to the position of secretary-treasurer of Local 526. In the context of a union election campaign, the plaintiff, as an incumbent, should expect criticism of his record. "[W]hen a person offers himself as a candidate for office [in a union] or reelection his character for honesty and integrity and his qualifications and fitness for the office are presented as subjects for fair comment . . . ." *Ames* v. *Dubinsky,* 5 Misc. 2d 380, 412 (N.Y. Sup. Ct. 1947). We note that other courts have concluded that officials of unions are "public figures" for purposes of union elections and other union business. See, e.g., *Miller* v. *Transamerican Press, Inc.,* 621 F.2d 721, 724 (5th Cir. 1980), cert. denied, 450 U.S. 1041 (1981); *Mazzola* v. *Feinstein,* 154 Cal. App. 3d 305, 307 (1984); *Korbar* v. *Hite,* 43 Ill. App. 3d 636, 637, 642 (1976), cert. denied, 434 U.S. 837 (1977); *Lins* v. *Evening News Ass'n,* 129 Mich. App. 419, 432 (1983); *City Firefighters Local 28* v. *Duci,* 104 Misc. 2d 498, 503 (N.Y. Sup.

Ct. 1976).[3] See also *Krause* v. *Bertrand*, 159 Cal. App. 2d 318, 321 (1958).

Moreover, in *Stone* v. *Essex County Newspapers, Inc.*, *supra*, we said that "a charge of criminal conduct against an official or a candidate . . . . is always relevant to his fitness for office for purposes of applying the *New York Times* rule of knowing falsehood or reckless disregard of the truth." *Id.* at 863, quoting *Ocala Star-Banner Co.* v. *Damron*, 401 U.S. 295, 300 (1971). The plaintiff contends that the defendants' letter charged him with criminal conduct. The rule for public officials or candidates noted in *Stone, supra*, applies to candidates for union office. We therefore conclude that the plaintiff was a limited public figure as a matter of law and it was error for the judge to submit that issue to the jury for their determination.[4]

2. *Issues likely to recur at trial.* The judge would not allow Huff to testify that the United States Department of Labor (department) made an investigation and then demanded that the plaintiff repay certain funds.[5] Huff contends that the testimony was admissible as nonhearsay "because it was offered to establish the *fact* of the existence of an investigation — to show an absence of malice on the part of [the defendant], who in good faith relied on the [department's] investigation regarding Materia. The evidence was *not* offered to prove the truth of the matter stated therein . . . ." (Emphasis in original.) The short answer is that the existence of an investigation by the department could not have been known by Huff until 1981. Therefore, he could not have relied on the investigation in

[3] In *National Ass'n of Gov't Employees* v. *Central Broadcasting Corp.*, 379 Mass. 220, 230 n.12 (1979), cert. denied, 446 U.S. 935 (1980), we held that a public employee union was "a public figure of limited range as matter of law."

[4] No special questions were asked of the jury. We therefore do not know if the jury found the plaintiff to be a public figure.

[5] Although in his brief Huff refers to a 1981 letter from the department about an investigation into Local 526, such a document does not appear in either the trial record or the appendix to his brief. We therefore address the evidentiary question only as it applies to Huff's excluded testimony.

making his statements in the 1977 letter. Because the defense attorney's offer of proof by way of Huff's expected testimony to a demand for monies made by the department in 1981 was not adequate to support Huff's claim that evidence of the department's investigation was relevant to his state of mind at the time he wrote the 1977 letter, the judge properly excluded the testimony. See Mass. R. Civ. P. 43 (c), 365 Mass. 806 (1974); *Commonwealth* v. *Hubbard*, 371 Mass. 160, 169 (1976); *Hale* v. *Dodge*, 324 Mass. 51, 52 (1949).[6]

In conclusion, we hold that on this record the judge should not have permitted the jury to determine whether the plaintiff was a public figure. The judgment against the defendant Huff is reversed and the case is remanded to the Superior Court for a new trial.[7]

*So ordered.*

---

[6] The judge referred to G. L. c. 231, § 92, in his instructions. That statute provides: "[T]ruth shall be a justification [for libel] unless actual malice is proved." Because we have concluded that the instructions at retrial must be limited to malice as that term is used for public figures, no instruction should be based on that statute. It is clear, however, that a judge cannot constitutionally apply G. L. c. 231, § 92, to a public figure or public official. *New York Times Co.* v. *Sullivan*, 376 U.S. 254, 283 (1964). *Stone* v. *Essex County Newspapers, Inc., supra* at 867. See *Garrison* v. *Louisiana*, 379 U.S. 64, 74 (1964); *Farnsworth* v. *Tribune Co.*, 43 Ill.2d 286, 290 (1969). Because we conclude that the plaintiff was a public figure, for purposes of the union election, the statute cannot appropriately be applied when the case is retried. We leave open consideration of the constitutionality of the statute as applied to private persons.

[7] Because the other codefendants, Medeiros, Mello and Pereira, are jointly and severally liable with the defendant Huff, if they move for a new trial, they are entitled to the benefit of our decision today, even though they did not appeal the judgment. See *E & K Agency, Inc.* v. *Van Dyke*, 60 N.J. 160, 164-165 (1972). "It would indeed be a travesty of justice were plaintiff to be allowed to satisfy a . . . claim . . . against [the other] defendant[s] when [we] have gone to no small pains to reach a deliberate determination that [the judge's instruction on the public figure issue was erroneous]." *Id* at 165.