[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
The plaintiff Thomas Wilkinson, acting on his own behalf and on behalf of his two minor children as custodial parent, guardian and next best friend, has brought this action against the defendant Jon L. Schoenhorn alleging defamation and invasion of privacy. The operative complaint is the Second Amended Complaint, dated May 12, 1997.
The basic allegations are set forth in Paragraphs 1 and 2 of Count One.
Paragraph 1 states as follows:
 1. On October 1, 1996, the defendant published and republished a statement, intended to be recorded which was recorded and published on the New England Cable News and other TV News Programs which stated, in effect, that he, Thomas Wilkinson had molested his two children and they were unsafe with him.
Paragraph 2 states in part as follows:
 2. On said date the defendant stated: "The real issue here is not Bo Gritz. It's the safety of two children who are currently with a father that some media, legal and law enforcement officials say has molested them."
In his operative Second Revised Answer and Special Defenses, dated December 30, 1998, the Defendant admitted, as to Paragraphs 1 and 2, "that he made remarks on October 1, 1996 regarding what "medical, legal and law enforcement officials' have said concerning the safety of two children."
By motion dated June 17, 1997, the Defendant moved to strike the operative complaint on the ground, inter alia, that the statement attributed to the Defendant was "not defamatory, and does not give rise to a claim for invasion of privacy." In its order dated September 24, 1997 denying the motion, the court (Aurigemma, J.) wrote:
 Being accused of molesting one's children is defamatory; since CT Page 3915 mother's name is mentioned — father's identity can be inferred; court cannot say on its face that the statements were fair comment — that is dependent on facts not contained in the complaint; the privilege does not apply to statements made to the media concerning judicial proceedings, only statements made in the course of judicial proceedings; taken in a manner most favorable to plaintiff — statements could be invasion of privacy.
The Defendant has asserted five special defenses, each applicable to all counts. These purport to amplify on five similar special defenses that were the subject of Plaintiff's motion to strike, dated October 13, 1998, granted by the court (Hale, J.T.R.). By motion to strike, dated February 8, 1999, the Plaintiffs have again moved to strike these repleaded special defenses.
A motion to strike is the proper vehicle to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, any special defense or of any prayer for relief therein. Practice Book § 10-39. A motion to strike admits all well pleaded allegations and those facts necessarily implied therefrom: Amodio v. Cunningham, 182 Conn. 80, 82-83 (1980). "If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Ferryman v.Groton, 212 Conn. 138, 142 (1989). Only the grounds specified in the motion may be considered. Meredith v. Police Commission,182 Conn. 138, 140 (1980). Mere conclusions of law, absent supporting factual allegations, are insufficient. Cavallo v. Derby SavingsBank, 188 Conn. 281, 285-86 (1982).
The five special defenses will be considered in order.
 I.
The First Special Defense alleges that the "Defendant's remarks are not defamatory because it is true that "some medical, legal and law enforcement officials' have said that Thomas Wilkinson molested [the minor Plaintiffs]." This introductory paragraph is identical to that previously stricken by the court. The ostensible repleaded difference is the addition of eleven paragraph listing the purported statements of these officials.
In essence, the Defendant is claiming the defense of truth. In a civil action for defamation, where the protected interest is personal reputation, the truth of the allegedly defamatory CT Page 3916 statement of fact provides an absolute defense. Goodrich v.Waterbury Republican-American. Inc., 188 Conn. 107, 112 (1982).
The Defendant's reliance on truth is misplaced. The requisite "truth" does not pertain to the fact that the referenced statements were made by another, but instead requires that then substance of these statements itself be true. A repetition of defamatory statements is itself defamation. Charles Parker Co. v.Silver City Crystal Co., 142 Conn. 605, 611-12 (1955). "`[O]ne who repeats or otherwise republishes defamatory matter is subject to liability as if he had originally published it.'" Cianci v.New Times Pub. Co., 639 F.2d 54, 61 (2d Cir. 1980), quoting with favor Restatement, Second, Torts § 578 (1977). "` [T]he repeater cannot defend on the ground of truth simply by proving that the source named did, in fact, utter the statement.'" Cianciv. New Times Pub. Co., supra, quoting with favor from Olinger v.American Savings Loan Assn., 409 F.2d 142, 144 (D.C. Cir. 1969).
The First Special Defense is insufficient as a matter of law.
 II.
The Second Special Defense concludes "[t]hat the Defendant's remarks are protected by a conditional privilege as fair comment on a matter of public concern." This is the same claim that was previously stricken. The Defendant now repleads the claim with the addition of the factual allegations set forth in the First Special Defense, along with additional similar allegations.
Matters of public concern have been defined as those applying to all officers and agents of government, to the management of public institutions, and in the conduct of corporate enterprises affected with a public interest, such as transportation, banking and insurance. Charles Parker Co. v. Silver City Crystal Co.,
supra, 142 Conn. 617. The qualified privilege of fair comment "[traditionally . . . concerned persons, institutions or groups who voluntarily injected themselves into the public scene or affected the community's welfare. . . ." (Internal quotation marks omitted.) Goodrich v. Waterbury Republican-American, Inc.,
supra, 188 Conn. 114-15. Factual statements, such as those alleged, do not qualify. Id., 111.
There is nothing in the operative complaint or special defenses supporting the Defendant's claim. The Defendant cannot CT Page 3917 elevate a matter into one of public concern merely by saying so. The Second Special Defense is insufficient as a matter of law.
 III.
The Third Special Defense concludes that the "Plaintiffs are public figures who cannot prove through clear and convincing evidence that the allegedly defamatory statements were made by the Defendant with actual malice." This is the same claim that was previously stricken. The Defendant now attempts to bolster the claim by repleading it with the addition of the allegations made in the Second Special Defense, along with similar allegations.
In Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997,41 L.Ed.2d 789 (1974), the United States Supreme Court defined the meaning of "public figure" for the purposes of the first andfourteenth amendments to the United States Constitution as follows:
 For the most part those who attain this status have assumed roles of especial prominence in the affairs of society. Some occupy positions of such persuasive power and influence that they are deemed public figures for all purposes. More commonly, those classified as public figures have thrust themselves to the forefront of particular controversies in order to influence the resolution of the issues involved. In either event, they invite attention and comment.
Id., 345. This definition was quoted with favor in Miles v.Perry, 11 Conn. App. 584, 591 (1987).
"Public figures" includes public officials, Kelley v. Bonney,221 Conn. 549 (1992); and have been held to include such persons as a public school teacher, id.; a police officer, Moriarty v.Lippe, 162 Conn. 371 (1972); a union official or a person seeking election to union office, Materia v. Huff, 394 Mass. 328,475 N.E.2d 1212 (1985); and candidates for public office, CharlesParker Co. v. Silver City Crystal Co., supra, 142 Conn. 605. Arguably it includes persons who place themselves in the public eye or, by virtue of their status of occupation are so placed, such as celebrities, theatrical personages and professional sports figures. These are persons who, "it may be assumed, invite public attention and comment." Miles v. Perry, supra,11 Conn. App. 593. "No such assumption is justified with respect to a private individual who "has relinquished, no part of his interest CT Page 3918 in the protection of his own good name.'" Id., quoting Gertz v.Robert Welch, Inc., supra, 418 U.S. 345.
There is nothing in the operative complaint or special defenses to support a claim that the Plaintiffs are public figures. The Defendant cannot bootstrap the Plaintiffs into such by his own unsupported allegations. The Third Special Defense is insufficient as a matter of law.
 IV.
The Fourth Special Defense claims that the Defendant's remarks "are protected by an absolute privilege as communications made by an attorney related to — a judicial proceeding," that proceeding being "in connection with his legal representation" of the Defendant therein "at a bond hearing at the Enfield Superior Court." (Emphasis added). Except for the addition of the reference to a bond hearing, plus an initial paragraph incorporating all of the allegations of the preceding special defenses, this is identical to the claim that was previously stricken.
Absolute privilege applies to statements made in or in contemplation of judicial proceedings. Restatement, Second, Torts, §§ 586-587 (1977). The privilege applies to statements made in connection with administrative proceedings which are quasi-judicial in nature. Petyan v. Ellis, 200 Conn. 243, 246
(1986). This includes statements made in connection with an agency's quasi-judicial investigatory powers. Magnan v. AnacondaIndustries. Inc., 37 Conn. Sup. 38, 45-46 (1980) (statements on "blue slip" discharge form absolutely privileged as preliminary to quasi-judicial proceeding).
Restatement, Second, Torts, § 586, entitled "Attorneys at Law, "reads as follows:
 An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding. (Emphasis added).
The Defendant does not allege in what manner the alleged defamatory remarks were "in connection with [or] related to" the alluded to bond hearing. Moreover, the Defendant has avoided CT Page 3919 alleging the requisite factual statements that these remarks were made "during the course and as part of" this bond hearing. The Defendant's — conclusory allegation is insufficient.Cavallo v. Derby Savings Bank, supra, 188 Conn. 285-86.
Moreover, it would appear from the pleadings that the defamatory remarks were not made during the course of and as part of this bond hearing, but instead were made separate and apart therefrom to the media. Publication to the media is ordinarily not privileged because "`[t]he salutary policy of allowing freedom of communication in judicial proceedings does not warrant or countenance the dissemination and distribution of defamatory accusations outside of the judicial proceeding.'" Kelley v.Bonney, supra, 221 Conn. 576, quoting Asay v. Hallmark Cards,594 F.2d 692, 697 (8th Cir. 1989).
For the foregoing reasons, the Fourth Special Defense is insufficient as a matter of law.
 V.
The Fifth Special Defense claims that "[t]he Defendant's remarks are protected free speech by the First Amendment of the United States Constitution and by the (sic) Article I, §§ 4-6
of the Connecticut Constitution." This is the same claim that was previously stricken. The Defendant's attempt to bolster this claim by repleading it with the incorporation by reference of all the preceding special defense allegations must fail for the same reasons as they did.
"`[T]here is no constitutional value in a false statement of fact.'" (Emphasis omitted.) Goodrich v. WaterburyRepublican-American. Inc., supra, 188 Conn. 117, quotingGertz v. Robert Welch. Inc., supra, 418 U.S. 339-40. The Fifth Special Defense is insufficient as a matter of law.
 Summary
The motion to strike the First, Second, Third, Fourth and Fifth Special Defenses is granted.
Fineberg, Superior Court Judge. CT Page 3920