# United States Court of Appeals
## For the First Circuit

No. 07-2159

ALAN S. NOONAN,

Plaintiff, Appellant,

v.

STAPLES, INC.,

Defendant, Appellee.

Before

Before

Lynch, Chief Judge,[*]
Torruella, Boudin, Wallace,[**] Lipez, and Howard,
Circuit Judges.

**ORDER OF COURT**

Entered:  March 18, 2009

Staples's petition for rehearing en banc, construed also as a petition for panel rehearing, challenges the constitutionality of the Massachusetts General Laws ch. 231, § 92, as construed in the panel's rehearing opinion.  Since its initial brief, Staples has argued under the premise that the term "actual malice" in § 92 means "malevolent intent."  Yet, Staples did not then challenge the constitutionality of such a construction.  Thus, the rehearing opinion found that it need not consider the issue.  See Rehearing

---

[*]  Judge Lynch is recused from this case and did not participate in the vote.

[**]  Of the Ninth Circuit, sitting by designation.

Opinion at p. 17, n.7.

Staples now contends that it raised the issue in its initial brief. But that brief simply acknowledged that the statute was not constitutional as applied to a matter of public concern. Staples did not timely argue that the present matter was a matter of public concern or that the statute was unconstitutional as applied to a matter of private concern. That Staples did not timely raise the issue is also made clear by the fact that it has not, until now, filed the notice required for a challenge to the constitutionality of a state statute. See Fed. R. App. P. 44(b). The issue is waived, and the fact that the issue raises constitutional concerns does not save the waiver. See, e.g., Rosado-Quiñones v. Toledo, 528 F.3d 1, 6 (1st Cir. 2008) (deeming waived the "question of law about whether there is added First Amendment protection for public employees' filing of lawsuits against their employers on matters in which the public has no interest"); Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 n.7 (1st Cir. 2008); see also Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual [due process] right, it can, like other such rights, be waived.").

Further, Staples has not shown that the constitutional issue is so clear that the panel should have acted sua sponte to strike down a state statute, without the required notice to the state attorney general. Staples still does not cite a case for the proposition that the First Amendment does not permit liability for true statements concerning matters of private concern. The Massachusetts Supreme Judicial Court ("SJC") case relied upon by Staples did not hold that truth is an absolute defense in private concern cases, but rather that a private figure may recover for a negligently made defamatory falsehood in a case of public concern. Stone v. Essex County Newspapers, Inc., 330 N.E.2d 161, 164 (Mass. 1975). And the Supreme Court has stated that as to matters of private concern, the First Amendment does "not necessarily force any change in at least some of the features of the common-law landscape." Phila. Newspapers v. Hepps, 475 U.S. 767, 775 (1986); see also Dun & Bradstreet v. Greenmoss Builders, 472 U.S. 749, 761 (1985) ("In light of the reduced constitutional value of speech involving no matters of public concern, we hold that the state interest adequately supports awards of presumed and punitive damages -- even absent a showing of 'actual malice.'"). In fact, were the issue as clear-cut as Staples suggests, the SJC would not likely have limited its own invalidation of § 92 to matters of public concern. Shaari v. Harvard Student Agencies, 691 N.E.2d 925, 929 (Mass. 1998) ("To apply this statute to the defendants' truthful defamatory statement concerning a matter of public

-2-

<u>concern</u>, even if the statement is malicious, violates the First Amendment." (emphasis added)).  Thus, whether § 92 is a "feature[] of the common-law landscape" left unchanged for matters of private concern is an issue on which we now take no position.

Nor it is appropriate to now certify the question to the SJC. We have answered the question of state law regarding the proper interpretation of the statute, and Staples has not challenged that matter on rehearing.  The question of the constitutionality of that state law under the First Amendment is a federal question, which we could answer without certification.  Though Staples suggests that § 92 may violate the Massachusetts Constitution, it presents no argumentation whatsoever relating specifically to that contention. Further, Staples should not be allowed to escape the consequences of waiver through certification.

The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and the petition for rehearing en banc be <u>denied</u>.  The alternative request for certification to the SJC is also <u>denied</u>.

By the Court:

<u>/s/ Richard Cushing Donovan, Clerk</u>

cc: Hon. Morris E. Lasker, Ms. Sarah Thornton, Clerk, United States District Court for the District of Massachusetts, Ms. Wendy Sibbison, Mr. Daniel Gelb, Mr. Richard Gelb, Ms. Ariel Cudkowicz, Ms. Pratt, Mr. Robert Messinger, Ms. Stamenia Tzouganatos, Ms. Gail Gelb, Ms. Jennifer Serafyn, & Ms. Krista Pratt.